late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Quing Yue ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–0577–AG.**

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

Gerald Karikari, New York, New York, for Petitioner.

Robert G. McCampbell, United States Attorney for the Western District of Oklahoma; Kay Sewell, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT A. KATZMANN, and Hon. BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Qing Yue Zheng, a citizen of the People's Republic of China, petitions for review of an order of the BIA affirming a decision of an immigration judge ("IJ") rejecting the petitioner's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as the respondent in this case.

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. Finally, while an adverse credibility finding may be based on the inherent implausibility of particular allegations, *see, e.g., Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005), it may not be based on speculation and conjecture, *see Secaida–Rosales*, 331 F.3d at 307, 312.

In this case, the IJ's adverse credibility finding was supported by substantial evidence in the form of inconsistencies, implausibilities, omissions, and a lack of corroborating evidence. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam). Although the IJ may have improperly considered the absence of "direct contact" between Zheng and government officials as being a factor that supported his adverse credibility finding, "the adjudicator relied so little on [this possible] error-infected aspect of its reasoning, that there is no realistic possibility of a different result on remand, [and] the evidence so overwhelmingly supports the IJ's finding that, notwithstanding identified errors, there is no realistic possibility of a different result on remand." *See Cao He Lin v. United States DOJ*, 428 F.3d 391, 395 (2d Cir.2005). The IJ and BIA correctly concluded that Zheng had failed to establish that he had suffered past persecution or had a well-founded fear of future persecution and, consequently, that he was ineligible for asylum and withholding of removal. The IJ also separately considered Zheng's CAT claim, and properly concluded that Zheng did not provide evidence indicating that there was any likelihood that he would be tortured if returned to China. *See Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004).

We have considered all of Zheng's claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).